

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 1:09-CR-70** |
| **MIGUEL LORENZI, JR.** | § § | |

<u>**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA**</u>
<u>**BEFORE THE UNITED STATES MAGISTRATE JUDGE**</u>

The District Court referred this matter to the undersigned United States Magistrate Judge

for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of

Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty

plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v.*

*Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 25, 2009, this cause came before the undersigned United States Magistrate

Judge for entry of a guilty plea by the Defendant, Miguel Lorenzi, Jr., on **Count 1** of the

charging **Indictment** filed in this cause. Count 1 of the Indictment charges that on or about July

11, 2007, in the Eastern District of Texas, Miguel Lorenzi, Jr., Defendant herein, having been

convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

Possession of a Controlled Substance with Intent to Sell and Deliver, a felony, in Cause Number 97-03161, in the Criminal Court of Shelby County, Tennessee, on September 16, 1997, did knowingly possess in and affecting interstate and foreign commerce, firearms, to wit: One (1) Arminius, Herman Weihrauch, Model HW5, .32 caliber revolver, serial number 194912, in violation of Title 18, United States Code, Section 922(g)(1).

Defendant, Miguel Lorenzi, Jr., entered a plea of guilty to Count 1 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.       That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.       That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.       That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d.       That Defendant's knowing, voluntary and freely made plea is supported by an

independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 922(g)(1).

**STATEMENT OF REASONS**

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in Indictment occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits.

Specifically, the Government would prove that on or about July 10, 2007, Bureau of Alcohol, Tobacco, Firearms, and Exposives (ATF) Task Force Officer Paul Arvizo (TFO Arvizo) and other Port Arthur Police Officers (the officers) met with a cooperating individual (CI) to plan a controlled purchase of a firearm from Miguel Lorenzi, Jr. (Lorenzi).

The CI spoke to Lorenzi, and Lorenzi agreed to meet the CI at Lorenzi's apartment, Beverly Place Apartments # 139, Groves, Texas (the apartment), and sell the CI a firearm for $100. TFO Arvizo drove the CI to the apartment in a pick-up truck (the pick-up) and waited in the pick-up while the CI met Lorenzi, who was standing in front of the apartment. Lorenzi and the CI entered the apartment, and Lorenzi handed the CI a firearm and ammunition in exchange

for $100. The CI and Lorenzi exited the apartment and returned to the pick-up. The CI got into the pick-up with the firearm and ammunition in his pants. At that time, TFO Arvizo asked the CI in Spanish if he "got it," and Lorenzi answered in English "yea he got it." After TFO Arvizo drove away from the apartment, the CI removed the gun and ammunition and gave them to TFO Arvizo.

The Government would prove that the firearm is specifically described as one (1) Arminius, Herman Weihrauch, Model HW5, .32 caliber revolver, serial number 194912. The ammunition is specifically described as twelve (12) rounds of Federal, .32 caliber ammunition. An ATF firearm and nexus expert examined the firearm and determined that it had been manufactured outside the State of Texas and, therefore, affected interstate commerce. The expert further determined that the firearm functioned as designed and was a "firearm" as defined by federal law.

The evidence would also show that prior to this possession of the above-listed firearm, Lorenzi was convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Possession of a Controlled Substance with Intent to Sell and Deliver, a felony, in Cause Number 97-03161, in the Criminal Court of Shelby County, Tennessee, on September 16, 1997.

Defendant, Miguel Lorenzi, Jr., agreed with the facts set forth by the Government and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Miguel Lorenzi, Jr., be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(g)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court

---

[1]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of August, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE